United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40034
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL GONZALEZ-VARGAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1519-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Gonzalez-Vargas appeals his sentence from a guilty-plea conviction for reentry of a deported alien. See 8 U.S.C. § 1326(b)(1). Gonzalez-Vargas argues that his sentence should be vacated and remanded because the district court sentenced him under a mandatory Guideline scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).

As the Government concedes, Gonzalez-Vargas's "Fanfan" claim is reviewed for harmless error. See United States v. Walters, 418

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 461, 464 (5th Cir. 2005). The instant record fails to provide clear commentary from the district court regarding whether it would have imposed the same sentence under a post-Booker environment. See id. Accordingly, the district court's "Fanfan" error was not harmless on the instant record. See id.

Gonzalez-Vargas also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gonzalez-Vargas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gonzalez-Vargas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

We VACATE Gonzalez-Vargas's sentence and REMAND for resentencing.